# Carson *v.* Mackin, Appellant.

*Negligence—Cellar door in sidewalk—Streets.*

In an action against the owner of leased premises fronting on a street, to recover damages for personal injuries caused by falling through a cellar door in a sidewalk, the case is for the jury where the evidence showed that the hinges of the door were rusted off, that the screws had rusted off or had pulled out, that a board in the door itself had disappeared, that the condition of the door was so obviously unsafe that a policeman called special attention of the tenant to it, and that the latter had notified the defendant as to its condition.

Argued April 15, 1903.    Appeal, No. 20, April T., 1903, by judgment of C. P. No. 1, Allegheny Co., Dec. T., 1901, No. 667, on verdict for plaintiff in case of Barbara Carson v. Henry Mackin.    Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.

At the trial it appeared that on the evening of October 4, 1901, plaintiff fell through a defective cellar door in the sidewalk in front of defendant's premises on Lacock street, Allegheny.    The condition of the door is described in the opinion of the Superior Court.    The court submitted the case to the jury.

Verdict and judgment for plaintiff for $11,000.

*Error assigned* was in submitting the case to the jury.

*Clarence Burleigh*, with him *McElroy & Mevay*, for appellant.

*Frank P. Sproul*, with him *Thomas M. Marshall, Jr.*, for appellee.

PER CURIAM, May 22, 1903:

The instructions of the court complained of in the second and third assignments of error are open to no possible objection, unless the refusal of the court below to affirm the defendant's

point "that, under all of the evidence in this case, the verdict must be for the defendant" was erroneous.

Not only was the evidence for the jury but it was convincing.

The defendant owed a duty to the public to maintain the flat cellar door, which constituted a part of the sidewalk, in a reasonably safe condition. Under the evidence the jury was warranted in finding that if it had been so maintained, the accident would not have happened.

There was also positive evidence of the bad condition of the door; the hinges were rusted off, the screws had rusted off or pulled out, a board in the door itself had disappeared, and so unsafe was the condition of the door that a policeman called special attention of the tenant to it.

Not only did the tenant communicate the complaint to the defendant's agents but he made complaint on his own account of the bad condition of the cellar door both to the agents and to the defendant himself.

The case was unquestionably for the jury and there can be no legitimate complaint of the manner in which it was submitted.

Judgment affirmed.